Loring, J.,
delivered the opinion of the court:
The evidence in this case showed that Weed, Cornwell & Company were bardware-merebants in Savannah. That from the latter part of 1861, and in 1862 and’63, the firm, finding their business declining, from time to time invested the capital of the firm in cotton, and at the close of 1863 bad thus become owners of upward of sixteen hundred bales of cotton. Of this, from time to time, they sold portions as they needed money, and in December, 1864, they bad reduced their stock to the fourteen hundred and twenty bales of upland and two bales of sea-island cotton which were captured and taken possession of by the United States, as above- stated.
The evidence shows that in August, 1863, the copartners divided among themselves the cotton then on band, according to their several interests in the capital of the firm, and credited in their books each member of the firm with the number of bales that at the price specified made the amount of bis individual interest in the capital stock of the copartnership; but no change was made in the possession of the cotton, and no specification was made of any particular bales, separating them from the mass, and appropriating them to either of the firm; there was, therefore, no sale of any specified bales to anybody, and the whole effect of the transaction was to declare the respective interests of the members of the firm in property belonging to the firm, and the evidence showed that the intent wras to limit the drafts of each copartner to the extent of bis individ *407 nal interest. The transaction, therefore, had not apparently the purpose, and certainly not the effect, of changing the property in cotton from copartnership to individual property.
The evidence also showed that seventy-nine bales of cotton were purchased with money w'hich Mr. Weed held as the agent of the children of Mr. C. S. Dunning. But those seventy-nine bales were purchased in the name of the firm, and received and held by them in the mass of their cotton, and on that the conclusion is that they acted in the purchase for themselves and not for the children of Mr. Dunning, or with any intent or authority to subject them to the risk of profit or loss on the cotton. And the legal effect of the use of the mouey for the firm was its loan to the firm, by which they became debtors to the children of Mr. Dunning for its amount and interest; but the firm owned the cotton they had purchased with the money lent to them, and bore all the risks of the cotton.
The judgment of the court is that the claimants Weed & Cornwell, as surviving partners, recover the sum of $249,432.18.